UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

<u>Gerald J. Silva</u>

    v.                                           Case No. 20-cv-12-PJB-AKJ

<u>William E. Smith, et al.</u>

**REPORT AND RECOMMENDATION**

Before the court is the amended complaint (Doc. No. 26) filed by pro se plaintiff, Gerald Silva, who was a state inmate at the Adult Correctional Institutions in Cranston, Rhode Island at the time he filed this action. Accordingly, the complaint is before this magistrate judge for preliminary review under 28 U.S.C. § 1915A(a).

**Preliminary Review Standard**

The court may sua sponte dismiss claims asserted in a prisoner's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. <u>See</u> 28 U.S.C. § 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers

whether plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

I.  Dismissal of Initial Complaint

Mr. Silva filed an initial complaint in early January 2020. Generally speaking, Mr. Silva's claims relate to his early May 2019 arrest at a Rhode Island motel following supervised release violations. See generally Dismissal Order (Doc. No. 22) at 2-9 (discussing sequence of events in more detail). During the arrest, which was executed by members of the U.S. Marshals' "Dangerous Fugitives Task Force," Mr. Silva asked if he could bring with him cash that he possessed totaling $110.57. When a Marshal began questioning him, Mr. Silva invoked his Fifth Amendment right to silence. After he invoked this right, the Marshals refused to let Mr. Silva to take the money.

In the initial complaint, Mr. Silva brought claims against several defendants, including Judge William Smith of the District of Rhode Island; a U.S. Marshal, C.J. Wyatt; a state court judge, John F. McBurney III; and the U.S. Marshals' Dangerous Fugitives Task Force. As all the judges sitting in the District of Rhode Island had recused themselves, the case was referred to judges in the District of New Hampshire. See

Recusal & Referral Order (doc. no. 3); Transfer Order (doc. no. 4).

The three federal defendants (Judge Smith, Marshal Wyatt, and the U.S. Marshals' Dangerous Fugitives Task Force) moved to dismiss Mr. Silva's claims against them. The district court (Barbadoro, J.) granted the motion over Mr. Silva's objection, and, further, sua sponte dismissed the claims against Judge McBurney III, who had not yet responded to the complaint.

The court's dismissal was with prejudice as to Mr. Silva's claims that the defendants violated assorted criminal statutes, including 18 U.S.C. §§ 241 & 242. See Dismissal Order (Doc. No. 22) at 11-12 ("I dismiss with prejudice all claims seeking criminal liability against the defendants . . .."). The court likewise dismissed with prejudice Mr. Silva's claims that the defendants conspired to violate his civil rights, in violation of 42 U.S.C. § 1985, and neglected to prevent the same, id. § 1986. See Doc. No. 22 at 18-19 ("Silva's § 1985 claims are dismissed with prejudice . . . [B]ecause Silva has not sufficiently plead a claim under § 1985, I must also dismiss his claims brought under § 1986.").

In addition, the court noted that, liberally construed, Mr. Silva's complaint could give rise to a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Observing that Mr. Silva had not named the United

3

States as a defendant, the court provided Mr. Silva with 30 days to clarify his intent about pleading an FTCA claim against the United States. The court granted the motion to dismiss without prejudice in this -- and only this -- regard. See Dismissal Order (Doc. No. 22) at 26.

## II. Amended Complaint

Mr. Silva filed an amended complaint.[1] As in his initial complaint, Mr. Silva alleges that he was arrested at a motel by Marshal Wyatt and the Dangerous Fugitives Task Force in early May 2019. During the arrest, Mr. Silva asked that he be permitted to take with him $110.57, which was inside a jacket. An unidentified Marshal picked up the jacket that contained the $110.57. Marshal Wyatt asked Silva where he had been prior to the arrest, and Mr. Silva invoked his Fifth Amendment right to silence in response. The unidentified Marshal then tossed the jacket on a bed, and he told Mr. Silva that he was not permitted to take the jacket. In addition to the $110.57, the Marshals seized "other personal property belonging" to Mr. Silva, including "a nightguard, prescription medication, and legal documents" relevant to a separate case. Amended Compl. (Doc. No. 26) at 3. Furthermore, the Marshals did not provide Mr.

---

[1] Mr. Silva also appealed the dismissal order to the First Circuit, which dismissed for lack of appellate jurisdiction. Doc. Nos. 23, 32.

4

Silva with an inventory of the items they seized, and an unidentified "intermediary" later recovered Mr. Silva's jacket, from which the $110.57 was missing.  Id. at 4.

As in his initial complaint, Mr. Silva alleges that the Marshals violated 42 U.S.C. §§ 1985 & 1986 as well as 18 U.S.C. § 241.  Mr. Silva also states that the Marshals' interference in another case caused it to be dismissed, resulting in a significant financial loss to him.  Mr. Silva asserts that the Marshals' actions violated the proper procedures for seizing personal property of arrestees.  Mr. Silva asks the court to direct the attorney general to investigate the government agents involved in his case, and he demands $4,000[2] in damages for the seizure of his cash as well as $5,000 in punitive damages.  He also seeks $40,000 in damages caused by alleged interference in a separate case and the consequent mental anguish to him.

## Discussion

I.  Federal Tort Claims Act

The FTCA provides this court with jurisdiction over certain claims for damages asserted against the United States, arising from allegations that federal employees caused personal injuries through their tortious acts or omissions.  See 28 U.S.C.

---

[2] Mr. Silva contends that the $110.57 has a value of $4,000 to him because he earned the money at a rate less than minimum wage.  He contends that if he had been paid the minimum wage, then he would have had $4,000.

5

§§ 1346(b)(1), 2674.  As a prerequisite to bringing an FTCA claim, however, the plaintiff must have already presented his tort claims to the appropriate federal agency and have obtained a final agency decision on those claims.  See 28 U.S.C. § 2675(a); Woodman v. United States, 602 F. Supp. 3d 265, 295 (D.N.H. 2022) ("Since the FTCA is a waiver of the United States's sovereign immunity, the failure to meet all requirements of that waiver renders the court without subject matter jurisdiction.") (citing Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 40-41 (1st Cir. 2000)).

In his amended complaint, Mr. Silva indicated an intent to pursue an FTCA claim against the United States.  See Amended Compl. (Doc. No. 26) at 1.  Mr. Silva, however, did not plead any facts showing he exhausted his claims as required by the FTCA.  While exhaustion is an affirmative defense, the failure to plead any facts showing exhaustion warrants sua sponte dismissal.  Cf. Loggins v. Pilshaw, No. 20-3007, 838 Fed. Appx. 323, 2020 WL 7040527, at *2-3, 2020 U.S. App. LEXIS 37486, at *6 (10th Cir. Dec. 1, 2020) (stating that the court can raise Eleventh Amendment issues sua sponte under 28 U.S.C. §§ 1915(e)(2) and § 1915A).

At the same time, the circumstances warrant an order permitting Mr. Silva, who is proceeding pro se, an additional period to amend his complaint to add facts demonstrating

exhaustion. It is therefore recommended that the district judge dismiss Mr. Silva's FTCA claims, but without prejudice to the filing of an amended complaint alleging facts demonstrating exhaustion.

Alternatively, it may be the case that Mr. Silva has not yet exhausted his claims before the appropriate administrative agency. Thus, if Mr. Silva does not file an amended complaint within the time provided, the court should enter a final judgment dismissing Mr. Silva's FTCA claim without prejudice to his ability to file a new claim in a new suit demonstrating that the appropriate remedies have been appropriately exhausted.

## II. Other Claims

Mr. Silva's amended complaint also appears to reraise claims which this court has already dismissed with prejudice. Specifically, Mr. Silva asserted in the amended complaint that the Marshals violated 42 U.S.C. § 1985; 42 U.S.C. § 1986; and 18 U.S.C. § 241. The district court already dismissed those claims and the Marshals with prejudice in its earlier dismissal order. Moreover, the court's leave to file an amended complaint was limited to an FTCA claim. To the extent Mr. Silva attempts to renew already dismissed claims, the prior dismissal with prejudice requires their dismissal again. To the extent Mr. Silva attempts to raise different claims against the Marshals in

7

his amended complaint, his assertions are conclusory and lack sufficient factual support to state a claim upon which relief could be granted, and therefore, such claims should be dismissed.

## Conclusion

For the foregoing reasons the district judge should:

- dismiss Mr. Silva's FTCA claim <u>without</u> prejudice to filing, within **thirty days** of any order adopting this report and recommendation, a second amended complaint alleging facts demonstrating his exhaustion of administrative remedies, or to later pursuing the claim in a new suit after appropriate administrative remedies have been exhausted;

- dismiss Mr. Silva's renewed claims against the Marshals to the extent the district court previously dismissed such claims with prejudice;

- dismiss any new claims Mr. Silva added in his amended complaint against the Marshals because they are insufficiently asserted to state a claim upon which relief could be granted; and

- enter final judgment and close the case if Mr. Silva does not file an amended complaint within thirty days of any order adopting this report and recommendation.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u>

8

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 3, 2023

cc: Gerald J. Silva, pro se

9